Peter D. Cook, Esq. Town Attorney, Tonawanda
This is in partial reply to your recent letter addressed jointly to the Attorney General and the Department of Audit and Control. By agreement that department will provide the principal response to your inquiry. We have agreed to advise you that our opinion of May 19, 1977 (1977 Op Atty Gen [Inf] 180), is superseded in part.
In that opinion we said that a town of the first class has no power to abolish the elective office of receiver of taxes and assessment and transfer the function to an officer bearing a different title. We also said that if the office were appointive, it could not be combined with any office except that of town clerk (Town Law, §§ 11 [2] and 37 [1]).
We took this position because section 37 requires the receiver of taxes and assessments to collect school taxes and a municipality's home-rule power does not extend to superseding State legislation dealing with the "maintenance, support or administration of the public school system" (NY Constitution, Art IX, § 3[a][1]). We adhere to this position to the extent that a town has no power to supersede section 37 and not provide for the collection of school taxes. Our position now is that section 37 governs the function of collecting those taxes but does not govern who is to carry out the function. The manner in which section 37 can be superseded is discussed in the State Comptroller's Opinion No. 81-177 dated June 1, 1981.